IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES (FASORP), <br><br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY; HARI OSOFSKY, in her official capacity as dean of Northwestern University School of Law; SARAH LAWSKY, JANICE NADLER, AND DANIEL RODRIGUEZ, in their official capacities as professors of law at Northwestern University; DHEVEN UNNI, in his official capacity as editor in chief of the Northwestern University Law Review; JAZMYNE DENMAN, in her official capacity as senior equity and inclusion editor of the Northwestern University Law Review, <br><br> Defendants. | Case No. 24-cv-5558 <br><br> District Judge Sara L. Ellis |

**OPPOSITION TO MOTION FOR LEAVE TO AMEND**

Although leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), district courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (citation omitted). Under the particular circumstances presented here, this Court should exercise that discretion to deny FASORP's motion for leave to amend its complaint for a second time to add a Title VII claim.

This is not a situation where a plaintiff is seeking leave to add a Title VII claim after waiting for the Equal Employment Opportunity Commission ("EEOC") to issue a right-to-sue ("RTS") letter. To the contrary, FASORP itself waited nearly six months after filing its initial complaint—and more than two months after amending that complaint—to file the underlying charge with the EEOC, which is based on the same allegations as FASORP's initial complaint. The *only* explanation that FASORP offered for waiting until December 19, 2024 to file its charge was the supposed technological difficulties its counsel encountered last September in accessing the EEOC's website—a website that tens of thousands of *pro se* parties successfully navigate each year. But counsel did not explain why FASORP's six-lawyer legal team simply gave up after encountering those difficulties rather than use the multitude of resources EEOC provides for assisting parties who wish to file a charge. And at no point before December 23, 2024 did FASORP inform this Court or Defendants of its efforts to file a charge, much less seek a stay of this Court's proceedings to allow for any such filing and the EEOC's process to run its course. Instead, counsel waited until after amending the complaint, after Defendants prepared and filed their second motion to dismiss, and until there were two days left to file FASORP's opposition, to even start the EEOC process by finally filing a charge on the agency's website.

1

It is clear what happened here: after two rounds of briefing, FASORP saw the writing on the wall with respect to its Title VI, Title IX, and Section 1981 claims and now seeks to add a Title VII claim. But the appropriate time for FASORP to bring a Title VII claim was at the outset of this litigation, or at the latest when it filed its amended complaint, not at the eleventh hour after Defendants had already expended significant resources defending against two complaints. This is exactly the kind of "undue delay" and "dilatory motive" warranting denial of leave to amend. *See Gonzalez-Koeneke v. West*, 791 F.3d at 807.

In addition, permitting FASORP to file a second amended complaint at this juncture would prejudice Defendants. FASORP has already "forced the defendants to brief the flaws in [its] complaint twice"—it should not be given a third bite at the apple. *King v. Schieferdecker*, 498 F. App'x 576, 579 (7th Cir. 2012) (affirming denial of leave to amend). FASORP's Title VII claim also fails for many of the same reasons as its Title VI and Section 1981 claims, and thus the proposed amendment would be futile.

I. **FASORP ENGAGED IN UNDUE DELAY.**

FASORP has not offered any reasonable explanation for its nearly six-month delay in filing a charge with the EEOC. Because that delay is unreasonable and would prejudice Defendants, this Court should deny FASORP's motion for leave to amend.

FASORP could have filed its EEOC charge at several earlier junctures: (1) before or immediately after it filed its original complaint in July 2024; (2) after it received Defendants' initial motion to dismiss in September 2024, which pointed out that Title VII preempted certain of FASORP's claims; or (3) when it filed its first amended complaint in September 2024. Nor did FASORP even file its EEOC charge when it received Defendants' second motion to dismiss in October 2024. Instead, FASORP waited until just two business days before its opposition to

2

Defendants' second motion to dismiss was due to even request that the EEOC begin reviewing its claim. *See* Exhibit 1 (FASORP EEOC charge letter noting December 19, 2024 filing date).

Not only does FASORP offer no reasonable explanation for this delay, its motion for leave to amend does not even mention this delay. Instead, FASORP misleadingly seeks to portray itself as diligent because it brought the EEOC's RTS letter to the Court's attention shortly after receiving it. Dkt. 46 at 2. But that says nothing about FASORP's nearly six-month delay in filing the EEOC charge in the first place.

At the Court's January 7 status conference, counsel's explanation for the delay was that he could not figure out how to work the EEOC's website. But the EEOC receives over 80,000 complaints per year—many from non-lawyers, all of whom manage to navigate the website. U.S. Equal Emp. Opportunity Comm'n, *2023 Annual Performance Report* (2023), https://www.eeoc.gov/2023-annual-performance-report (reporting that the EEOC received 81,055 new charges of discrimination in fiscal year 2023). The EEOC also provides guidance for filing a charge and makes multiple pathways available for doing so, including filing by mail or in person at a local EEOC office, of which there are four in Texas and one in Chicago. U.S. Equal Emp. Opportunity Comm'n, *How to File a Charge of Employment Discrimination*, https://www.eeoc.gov/how-file-charge-employment-discrimination. The EEOC also provides a toll-free phone number where potential filers can speak with an EEOC representative to discuss how to file a charge. *Id.* It does not appear that FASORP's counsel availed themselves of any of this assistance.

Even taking as true the assertion that counsel—six attorneys from two law firms and one organization—could not figure out how to work a basic website, counsel could have informed the Court of their technological difficulties and asked the Court to stay the proceedings until they could

file an EEOC charge and the EEOC could issue an RTS letter. *See Arrigo v. Link*, 836 F.3d 787, 798 (7th Cir. 2016) (noting that litigants "routinely ask district courts to stay [their] … lawsuit until they obtain a right-to-sue letter"). But counsel did not do so. Instead, they waited, allowed Defendants to prepare a motion to dismiss, amended their complaint rather than respond to that motion to dismiss, allowed Defendants to brief a second motion to dismiss, requested a lengthy extension on their opposition to that motion, and finally, at the eleventh hour, actually got around to filing an EEOC charge and informing the Court about it. Nothing in that sequence of events demonstrates the sort of due diligence that could justify a late amendment. *See Doe v. Howe Mil. Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) ("[P]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark.").

This case is thus worlds away from cases where plaintiffs were simply waiting on the EEOC to issue an RTS letter. Here, the delay is the fault not of the EEOC, but of FASORP, which failed to timely file its EEOC charge. As a result, FASORP's proposal to add a Title VII claim should be treated no differently than adding any other claim at this late stage. *See Arrigo*, 836 F.3d at 797-98 (affirming denial of leave to add Title VII claims six months after the filing of the original complaint when plaintiff had not requested a stay); *Bell v. Am. Dental Ass'n*, 2000 WL 1367946, at *2 (N.D. Ill. Sept. 15, 2000) (denying leave to add Title VII claim eight months after the filing of the original complaint because plaintiff did not offer an adequate "explanation as to why the amendment did not take place sooner and [the] delay [was] burdensome to the opposing party"); *cf. Partipilo v. Jewel Food Stores, Inc.*, 2017 WL 5989776, at *3 (N.D. Ill. Dec. 4, 2017) (allowing party to add Title VII claim after waiting five months to file EEOC charges but emphasizing that the original claim was also a related Title VII claim and "the great majority of

4

the delay occurred while [plaintiff] was represented by her prior counsel, who the Court already has sanctioned for his conduct in this case").

The Seventh Circuit and other courts have affirmed denials of leave to amend in comparable circumstances. *See, e.g.*, *Arrigo*, 836 F.3d at 797-98; *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994-95 (5th Cir. 2005); *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228-29 (6th Cir. 2016). For example, in *Arrigo*, the Seventh Circuit affirmed the denial of the plaintiff's motion to add Title VII claims when that motion was made six months after the complaint was filed. *Id.* at 793. On appeal, the plaintiff argued that she did not move to add the Title VII claims earlier because she was pursuing state administrative relief on them. The Seventh Circuit explained, however, that even that more plausible justification for the delay was insufficient, as the plaintiff could have sought a stay of her federal lawsuit to allow the state administrative process to play out but chose not to. The Seventh Circuit further explained that litigants frequently request stays to allow the pertinent agency to investigate and rule on their claims, and the plaintiff should have followed that process. *Id.* at 798. As the Seventh Circuit put it, the plaintiff's decision to not request a stay, "bring a motion for leave to amend earlier[,] or to seek a right-to-sue letter earlier was a tactical litigation decision" that did not justify permitting late amendment. *Id.* The same result is warranted here, especially given that FASORP is a well-heeled organization that routinely sues, or threatens to sue, universities on the grounds pressed here and is presumably familiar with the applicable legal requirements for doing so.

## II.     FASORP'S DELAY WILL PREJUDICE DEFENDANTS.

While delay alone is not typically sufficient to deny a motion to amend, delay coupled with undue prejudice is. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004); *cf. McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming denial of

5

leave to amend based on "undue delay alone"). Here, granting FASORP leave to amend would prejudice Defendants by forcing them to file a third motion to dismiss after FASORP has already had two bites at the apple. The Seventh Circuit has recognized that "[p]rejudice or delay sufficient to justify the denial [of a motion for leave to amend] can occur when the plaintiff has already received a chance to amend his complaint to fix flaws cited in a motion to dismiss, but failed to do so." *King*, 498 F. App'x at 579 (citing *Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 759 (7th Cir. 2002)). When the plaintiff has "had the chance in both his original complaint and again, after the defendants alerted him to its defects, in his amended complaint to cure its failings" and fails to do so, no further amendment need be allowed. *Id.* In other words, when a plaintiff "force[s] the defendants to brief the flaws in his complaint twice," a district court may properly find prejudice from a plaintiff's request to have a "third opportunity to cure the problems." *Id.*

That is exactly the case here. FASORP has already amended once, and it should not be given another opportunity to add claims it could have added at the start, or at least in its amended complaint. *See Engstrom v. Air Line Pilots Ass'n, Int'l*, 2024 WL 5056447, at *4 (N.D. Ill. Dec. 10, 2024) ("That plaintiffs waited this long [to seek leave to amend to add Title VII claims], failed to properly assert any justification for the delay until pressed by the Court, and then supplied a wholly insufficient justification, shows both undue (and unjustified) delay and prejudice.").

FASORP posits that its delay will not prejudice Defendants because "the arguments submitted in [Defendants'] already submitted motion to dismiss are equally applicable to … the proposed Title VII claim." Dkt. 46 at 3. That argument just underscores why FASORP should not be permitted to amend; as explained below, amendment would be futile because the Title VII claim would fail for many of the same reasons the Title VI and Section 1981 claims do. But while

6

FASORP's proposed Title VII claim is equally deficient, Defendants would still be prejudiced from having to engage in yet another round of motion-to-dismiss briefing.

**III.    AMENDMENT WOULD BE FUTILE.**

Finally, leave to amend should be denied on futility grounds, as FASORP's Title VII claim would fail for many of the same reasons as its Title VI and Section 1981 claims. FASORP essentially concedes as much, acknowledging that the arguments in Defendants' second motion to dismiss are "equally applicable" to its proposed Title VII claim. Dkt. 46 at 3.

As an initial matter, FASORP lacks Article III standing to bring any of its claims. *See* Dkt. 33 at 14-20. And even assuming FASORP has standing, it has failed to state a claim for discrimination on the basis of race, gender, gender identity, or sexual orientation in Northwestern's faculty hiring. *See id.* at 20-33. To be sure, Title VII's requirements differ somewhat from those of Title VI and Section 1981. *See id.* at 22-24 (noting that Title VI sharply restricts the type of employment discrimination claims that plaintiffs can bring to avoid impinging on Title VII's orbit); *id.* at 29 (noting that Section 1981 requires but-for causation, while Title VII requires motivating-factor causation). But at bottom, all three statutes require FASORP to plausibly allege that Defendants have discriminated against FASORP's members on the basis of a protected characteristic. And FASORP's "vague," "conclusory," and "generalized allegations" of discrimination are not enough to state a claim under any of those statutes. *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 811 (7th Cir. 2021).

Because amendment would be futile, this Court should deny FASORP leave to amend the complaint yet again. *McCoy*, 760 F.3d at 685 ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.") (citing *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 868-69 (7th Cir. 2013)). Indeed, in

*Gandhi*, the Seventh Circuit noted that "courts may deny a proposed amended pleading if, for example, the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile"—all of which are the case here. 721 F.3d at 868-69.

## CONCLUSION

This Court should deny FASORP's motion for leave to file a second amended complaint.

Dated: January 13, 2025　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　By: */s/ Danielle Conley*

　　　　　　　　　　　　　　　　　　　Danielle Conley (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Jude Volek (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Christine C. Smith (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　Jasmine D. Benjamin (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　555 Eleventh Street, NW, Suite 1000
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004-1304
　　　　　　　　　　　　　　　　　　　Phone: (202) 637-2200
　　　　　　　　　　　　　　　　　　　Facsimile: (202) 637-2201
　　　　　　　　　　　　　　　　　　　danielle.conley@lw.com
　　　　　　　　　　　　　　　　　　　jude.volek@lw.com
　　　　　　　　　　　　　　　　　　　christine.smith@lw.com
　　　　　　　　　　　　　　　　　　　jasmine.benjamin@lw.com
　　　　　　　　　　　　　　　　　　　Sean Berkowitz (ARDC No. 6209701)
　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　330 North Wabash Avenue, Suite 2800
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60611-3695
　　　　　　　　　　　　　　　　　　　Telephone: (312) 876-7700
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 993-9767
　　　　　　　　　　　　　　　　　　　sean.berkowitz@lw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants Northwestern University, Hari Osofsky, Sarah Lawsky, Janice Nadler, Daniel Rodriguez, Dheven Unni, and Jazmyne Denman*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 13, 2025, I filed the foregoing with the Clerk of Court by using the CM/ECF system and sent via electronic transmission to all parties of record.

      /s/ *Danielle Conley*
      Danielle Conley (*admitted pro hac vice*)